## IN THE MATTER OF THE ADOPTION OF VIRGINIA DE SILVA, A MINOR.

### No. 2059.

SUBMITTED JUNE 2, 1932.                    DECIDED JUNE 7, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a petition by Joseph De Silva, Sr., and Maria De Silva, his wife, for the adoption of Virginia De Silva, the daughter of Joseph De Silva, Jr., son of the petitioners. The child whose adoption is prayed for is five years of age. The father of the child consented in writing to the proposed adoption. The mother refused to consent and contests the petition. The circuit judge denied the petition and the case comes to this court by appeal from the order of the circuit judge.

Our statute on the subject of adoption (R. L. 1925, § 3034) provides that a husband and wife jointly may petition a circuit judge for leave to adopt a minor child

not theirs by birth. It further provides that "in all cases of adoption written consent shall be given by each of the living legal parents * * * who has not voluntarily surrendered the care and custody of the child to another for a period of two years or over, which fact of * * * surrender shall be found by the judge at the time of hearing the petition." The mother, as above stated, refused to consent. That her consent is in the present instance unnecessary is sought by the petitioners to be shown by the claim that for a period of more than two years prior to the filing of the petition she voluntarily surrendered the custody of the child to her husband. The facts and the only facts in this connection are that upon the application of Victoria De Silva, the mother, a divorce was granted her on August 2, 1929, from Joseph De Silva, Jr., and that in the decree of divorce the order was made "that the care, custody and control of the minor child herein, Virginia, be and the same is hereby awarded to the libellee" (the husband) and that "the libellant herein shall be entitled to and have the right to visit said minor child once a week, on Sundays, wherever said minor child may then be residing, between the hours of one and 5 P. M." The mother consented in the divorce court to the making of this order of custody. The contention of the present petitioners is that, within the contemplation of section 3034, the mother by her consent "voluntarily surrendered the care and custody of the child" to her husband and that the custody thereby commenced continued for the period of more than two years and until the institution of the present proceedings. In our opinion this contention cannot be sustained. An order of custody such as that just described is subject to revocation or modification at any time by the judge of the divorce court upon the application of any party interested and upon proper showing of the wisdom of such modification

or revocation. Consent of the mother must be deemed to have been given with that right of modification in mind. Moreover, the surrender, in so far as it may be considered such, was not complete. Reservation was made of the right on the part of the mother to visit the child for four hours on every Sunday afternoon, a right that well may have been deemed by the mother of importance to her as furnishing her an opportunity to observe carefully the manner in which the child was being treated and to influence the moulding of the child's character and habits and of influencing even the manner of its care and custody. Such a qualified care and custody as was awarded to the father and consented to by the mother does not constitute a surrender of the care and custody of the child within the meaning of section 3034. In spite of her consent to the form of the decree in the divorce case, the mother's written consent in the present case still remained indispensable. Without it the adoption cannot be decreed.

Section 3040, R. L. 1925, provides that all preexisting laws on the subject of adoption were thereby repealed and that "the procedure herein set forth for the adoption of minors shall supersede all other methods of adoption legal prior to March 3, 1919." The statutory provisions must be complied with in order that a decree of adoption may be justified.

If the other prerequisites to an adoption exist, the question arises, under section 3039, whether the petitioners are able "to bring up and educate the child properly, having reference to the degree and condition of its parents and the fitness and propriety of the adoption;" but the mere fact, even when it exists, that the petitioners in an adoption case are better suited to occupy the position of parents towards the child does not in itself, under our statute, justify the judicial substitution of adopting

446

parents for the natural parents or either of them. The question of the best interests of the child, therefore, does not arise under the circumstances of the case at bar.

The decree appealed from is affirmed.

*H. Irwin* for petitioners.

*T. E. M. Osorio* for respondent.